## Commonwealth v. Meyers

*Michael E. Weinstein,* assistant district attorney, for the Commonwealth.

*Jack G. Linshaw,* for defendant.

THOMSON, *P.J.,* March 1, 1985—On October 27, 1984, defendant was arrested on the property of Pocono Mountain Lakes Estates after being in-

volved in a traffic accident in Lehman Township, Pike County, Pa. Defendant was charged with violating 75 Pa.C.S. §3731 (a)(1) and section 3731 (a)(4), Driving Under the Influence of Alcohol.

Gary Meyers filed an omnibus pretrial motion for which a hearing was held on January 31, 1985. The issues presented in the omnibus pretrial motion were ruled on at the time and are a matter of record.

A separate issue raised at the pretrial conference revolves around the breathalyzer. Dismissal of the criminal complaint is sought because, defendant contends that the chemical testing devices used were not approved by the Department of Health. Defendant further contends that the Departments of Health and Transportation were required under section 1547 (c)(1) of the Motor Vehicle Code, to jointly regulate procedures for testing devices. Such regulations were not jointly mandated by these departments until some two months after defendant's arrest. For this reason, defendant argues that his criminal complaint should be dismissed.

## OPINION

Initially, defendant's request for dismissal of the criminal complaint is procedurally inaccurate. If the breathalyzer test results were improperly obtained, suppression of this evidence at defendant's trial should be sought. However, defendant does not allege that such results were improperly taken, but, simply that the testing device itself may not have been accurate or properly calibrated due to the lack of statewide testing device procedures or regulations at the time of defendant's arrest.

Therefore, the issue is essentially whether or not the breathalyzer machine used to test Gary Meyer's alcohol content in his blood was accurate and properly calibrated at the time he was tested. This issue

is not procedural in nature, but substantive. The trier of fact must determine after all the evidence has been submitted whether or not the prosecution has proved beyond a reasonable doubt, first, that the breathalyzer operator was qualified to perform this test. The trier of fact must then determine whether or not the requisite evidence has been submitted by the prosecution to show that the testing device was functional, accurate and calibrated properly before defendant's test was performed. If the trier of fact is satisfied with the prosecution's evidence, then the trier of fact must decide to believe or not to believe the final test results. Because the court is not the trier of fact, it cannot determine whether or not this testing device was accurate and properly calibrated in accordance with the suggested or mandated accuracy and calibration procedures. Defendant argues that because mandated testing procedures were not in effect at the time of defendant's arrest, that these and all results must be suppressed. Again, the court not being the trier of fact, simply cannot determine this device's reliability at this juncture.

Defendant has relied upon two "enlightened" Allegheny County Court of Common Pleas cases for his argument. This court will seek to "enlighten" defendant of the factually distinguishing nuance between the relied on cases and the case at bar. Both Commonwealth v. Fischer, no. CC 830-2596 A and Commonwealth v. Simmeth, no. CC84505850, address the virtually identical issue.

In reviewing defendant's first referenced Allegheny opinion, the court finds that this case attacks the validity of the accuracy and calibration procedures of the breathalyzer by way of post-verdict motions. While this attack is premised on the fact that statewide regulations as to testing breathalyzers,

20

etc. were not in effect at the time of defendant's arrest, it is important to emphasize that their "record indicated that the Commonwealth was *not* able to show that the breathalyzer machine was calibrated and operated in accordance with procedures for operation specified by the manufacturer of the machine". (Emphasis added) Commonwealth v. Fischer, supra. It is evident that if the prosecution does not meet its burden of proving the validity of the breathalyzer test at trial, then the evidence from *that test may be attacked upon post-verdict motions.* Thus, the case at bar will not be ripe for determination by this court until and only until the prosecution fails to lay a proper foundation at trial for the admission of this evidence.

With regard to the second Allegheny case, it is merely a memorandum of law written in a theoretical tone which suggests ideally that uniform testing procedures should be enacted. This memorandum is now moot because properly regulated procedures have since been jointly enacted by the Departments of Health and Transportation. Furthermore, a memorandum of law is not binding on this court.

## ORDER

And now, this March 1, 1985, defendant's request for dismissal of the criminal complaint of driving under the influence of alcohol is hereby denied.